IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) |
| DLUBAK CORPORATION, | ) Bankruptcy Case No. 13-70582-JAD |
| | ) |
| Debtor. | ) Chapter 11 |
| _____ | ) |
| | ) Doc. No. _____ |
| DLUBAK CORPORATION, | ) |
| | ) Related to Doc. No. _____ |
| Movant, | ) |
| | ) Hearing Date: |
| v. | ) Time: |
| | ) |
| FIRST COMMONWEALTH BANK, | ) |
| FARMERS & MERCHANTS BANK OF | ) |
| WESTERN PENNSYLVANIA, N.A., THE | ) |
| HUNTINGTON NATIONAL BANK, | ) |
| NISSAN MOTOR ACCEPTANCE | ) |
| CORPORATION AND WELLS FARGO | ) |
| BANK, N.A. | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**REQUEST FOR EXPEDITED HEARING AND EMERGENCY MOTION
FOR ORDER PURSUANT TO SECTIONS 361, 362, 363 AND 364
OF THE BANKRUPTCY CODE REGARDING DEBTOR-IN-POSSESSION
FINANCING, USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**

Pursuant to 11 U.S.C. §§361, 362, 363 and 364, Dlubak Corporation the above captioned

debtor and debtor-in-possession (the "Debtor") and First Commonwealth Bank ("Lender") files

this Request for Expedited Hearing and Emergency Motion for Order Pursuant to Sections 361,

362, 363 and 364 of the Bankruptcy Code Regarding Debtor in Possession Financing, Use of

Cash Collateral and Adequate Protection and respectfully move this Court for the entry of the

Agreed Interim Order Authorizing Use Of Cash Collateral, Approving Terms Of Post-Petition

Financing, and Granting Senior Liens and Priority Administrative Expense entered into by and

among the Debtor and Lender, as the DIP Bank (the "Order"), which is appended hereto as Exhibit "1". In support of this Motion, the Debtor states:

1.      On August 7, 2013 (the "Petition Date"), the Debtor filed a chapter 11 petition pursuant to 11 U.S.C. §301, and has continued in the management and operation of its businesses and properties as a debtor-in-possession pursuant to 11 U.S.C. §1107, 1108.

2.      No trustee or examiner has been appointed.

3.      This Court has jurisdiction hereof pursuant to 28 U.S.C. §1334.

4.      Venue is this judicial district pursuant to 28 U.S.C. §1409.

5.      The statutory predicate for the relief sought are 11 U.S.C. §§ 361, 362 and 363 and Bankruptcy Rules 4001 and 9014.

6.      By virtue of the instant Motion, Debtor and Lender seek an order conditioning the Debtor's use of Cash Collateral, granting Lender adequate protection and approving post-petition financing to the Debtor by Lender.

7.      Just cause exists to request consideration of the underlying matter on an expedited basis as the Debtor is unable to continue its business operations without the use of the additional funds through Lender's proposed post-petition financing.

8.      Lender shall incur harm if a hearing is not granted on an expedited basis, because the Debtor is unable to meet ongoing ordinary expenses, including payroll and the purchase of inventory, necessary to preserve and maintain the integrity of its ongoing operations and Lender's collateral.

9.      The need for an expedited hearing has not been caused by any lack of due diligence on the part of the attorney or the attorney's client but has been brought about solely by circumstances beyond their control.

10.     The Debtor is a glass manufacturer.

11.     The Lender holds valid, enforceable, and allowable claims against Debtor, as defined in Section 101 of the Bankruptcy Code.

12.     Prior to the commencement of Debtor's Chapter 11 case, Lender had made loans and advances and provided other credit accommodations to the Debtor pursuant to the following agreements executed and delivered by Debtor with, to or in favor of Lender: (1)  A Second Amended and Restated Loan Agreement dated December 21, 2005 (as amended by that certain Affirmation of and Amendment to Loan Documents and Allonge to Note dated July 3, 2009, as further amended by the certain Second Affirmation of and Amendment to Loan Documents, Allonge to Note and Release dated August 31, 2011 and as further amended by that certain Third Affirmation of and Amendment to Loan Documents and Waiver dated November 8, 2012 collectively the "Loan Agreement"); (2) a Second Amended and Restated Revolving Credit Note dated December 21, 2005 in the face amount of $2,500,000.00 (as amended by that certain Forbearance Agreement, First Amendment to Forbearance Agreement and Second Amendment to Forbearance Agreement and as further amended from time to time, collectively the "Line of Credit"); (3) a Term Note dated Term Note dated November 20, 2008 in the face amount of $3,300,000.00 (as amended and restated from time to time, the "$3.3MM Note"); (4) a Term Note dated February 5, 2009 in the face amount of $100,000 (as amended and restated from time to time, the "$100M Note"); and (5) a $94,000 Term Note dated December 18, 2009 in the face amount of $94,000.00 (as amended and restated from time to time, the "$94M Note" and together with the Line of Credit, $3.3MM Note and the $100M Note, as amended by that certain Forbearance Agreement effective August 6, 2013, collectively the "Loans").

13.    The Loans are secured by, *inter alia*, a Security Agreement and Collateral Assignment dated November 20, 2008 (the "Security Agreement").   To perfect the interests granted to it by the Debtor, the Lender filed financing statements (the "Financing Statements") with the Secretary of the Department of State of the Commonwealth of Pennsylvania on November 24, 2008 at File No. 2008112502689 and the Indiana County Pennsylvania, Recorder of Deeds on November 24, 2008 at Instrument No. 2008-192647.

14.    The Loans are further secured by, *inter alia*, a Open-End Mortgage and Security Agreement dated November 20, 2008 (the "Mortgage") for the Debtor's real property located in Blairsville, Pennsylvania (the "Real Property") and recorded on November 24, 2008 with the with the Recorder of Deeds of Indiana County at Instrument No. 2008-192645; and an Assignment of Leases and Rents dated November 20, 2008 (the "Assignment") and recorded on November 24, 2008 with the with the Recorder of Deeds of Indiana County at Instrument No. 2008-192646.

15.    The Loan Agreement, Line of Credit, $3.3MM Note, $100M Note, $94M Note, Security Agreement, Financing Statements, Mortgage and Assignment shall be collectively referred to as the "Loan Documents".   True and correct copies of the Loan Documents are retained by the Lender and the Debtor and will be made available to interested parties upon request.

16.    As of the Petition Date, the amount due under the Loan Documents is $3,193,151.82, plus additional interest, plus any and all overdraft amounts, credit extended for any items presented to the Lender, and any and all other obligations of Debtor to Lender under the Loan Document, plus reasonable costs, plus attorneys' fees, and any and all other amounts to the extent permitted by the Bankruptcy Code (whether pre-petition or post-petition) and

applicable law (the "Pre-Petition Debt").  The Pre-Petition Debt is valid, existing and legally enforceable and is secured pursuant to the Loan Documents by perfected first priority liens and security interests in and upon, *inter alia*, all of the Debtor's inventory, goods, accounts, contracts, contract rights, instruments, inventory, general intangibles, accounts and chattel paper, deposit accounts, leases, agreements to lease, trademarks, copyrights, patents and any and all proceeds of the foregoing (the "Pre-Petition Collateral").  The Lender has properly perfected its first priority liens and security interests in the Pre-Petition Collateral as evidenced by the Loan Documents.

17.    Cash generated through the sale of inventory and the collection of Pre-Petition accounts receivable constitutes "Cash Collateral" as that term is defined in Section 363(a) of the Bankruptcy Code.  Pursuant to Section 363(c)(2), the Debtor cannot use such cash collateral unless the Lender's consent or unless this Court authorizes the Debtor to use the cash collateral after providing the Lender with "adequate protection", as that term is defined in the Bankruptcy Code.

18.    The DIP Financing and use of the Lender's cash collateral by the Debtor is critical to the Debtor's continued day-to-day operations.  Unless this Court authorizes the Debtor's use of the cash collateral, pursuant to the terms of the Stipulation, forthwith, the Debtor will be unable to meet ongoing ordinary expenses, including payroll and the purchase of inventory, necessary to preserve and maintain the integrity of its ongoing operations.

19.    Debtor has prepared financial projections, including projected cash flows.  These projections indicate that Debtor must exceed its available line of credit by approximately $400,000.00 in order to continue its business operations to a maximum of $2,200,000 outstanding under the Line of Credit.

20.    Debtor has explored plans for additional financing without success.

21.    The Lender is willing to allow the debtor to overdraft on the Line of Credit in an amount not to exceed $400,000.00 over the Borrowing Base.

22.    The Debtor has already overdrawn the loan by approximately $300,000.00 and thus will need to scale back its operations to a bare bones amount as it pursues the sale of its business.

23.    Debtor is unable to obtain unsecured credit on any terms, including that for which any claim remaining unpaid would be allowable as an administrative expense pursuant to sections 364(a) and (b) and 503(b) of the Bankruptcy Code with a priority over all other such administrative expenses.  Debtor is also unable to obtain credit secured by security interests or liens junior to existing security interests or liens or solely unencumbered properties of the estate pursuant to Sections 364(c) and 5603(b) of the Bankruptcy Code.

24.    Notice of the Motion is being given as required by Bankruptcy Rule 4001 to (i) the Office of the United States Trustee, (ii) all known creditors who may have liens against the Debtor's assets, (iii) the twenty (20) largest unsecured creditors of Debtor, (iv) counsel for Lender, and (v) all parties in interest that have filed a Notice of Appearance

25.    Debtor and Lender have bargained at arms' length and in good faith over the terms and conditions of the Order. Debtor believes that the Order provides for the extension of credit on terms that are more favorable than they could obtain from any other source.  The Order provides for adequate protection of the interests of the Lenders' prepetition liens on the property and the granting of a lien on those assets plus unencumbered assets for the DIP financing.

26.     The DIP financing provided for under the Order will enhance the value of the property of the estate and avoid a loss of value that would result if operations were interrupted.

WHEREFORE, the Debtor and Lenders pray that the Court:

A.     Enter the Order approving the financing, granting the security interests, liens, and priorities as set forth herein, and authorizing the Debtors to carry out its terms;

B.     Set a final hearing on this Motion and date and time for responses and objections;

C.     Grant such other and further relief as this Court deems just.

Dated: <u>August 9, 2013</u>                                                      Respectfully Submitted,

COUNSEL FOR THE DEBTOR AND                    COUNSEL FOR FIRST
DEBTOR-IN-POSSESSION, DLUBAK                   COMMONWEALTH BANK:
CORPORATION.:

                                                                                TUCKER ARENSBERG, P.C.

<u>/s/ Steven Shreve</u>                                                <u>/s/ Brett A. Solomon</u>
Steven Shreve, Esq.                                            Brett A. Solomon, Esquire
Pa. Id. 5982                                                   Pa. Id. 34545
546 California Avenue                                          Jillian Nolan Snider, Esquire
Avalon, Pennsylvania 15202                                    Pa. Id. 202253
(412) 761-6110                                                1500 One PPG Place
Fax: (412) 761-9236                                           Pittsburgh, PA  15222
                                                              (412) 566-1212
                                                              Fax: (412) 594-5619

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) |
| DLUBAK CORPORATION, | ) Bankruptcy Case No. |
| | ) |
| Debtor. | ) Chapter 11 |
| _____ | ) |
| | ) Doc. No. _____ |
| DLUBAK CORPORATION, | ) |
| | ) Related to Doc. No. _____ |
| Movant, | ) |
| | ) Hearing Date: |
| v. | ) Time: |
| | ) |
| FIRST COMMONWEALTH BANK, | ) |
| FARMERS & MERCHANTS BANK OF | ) |
| WESTERN PENNSYLVANIA, N.A., THE | ) |
| HUNTINGTON NATIONAL BANK, NISSAN | ) |
| MOTOR ACCEPTANCE CORPORATION | ) |
| AND WELLS FARGO BANK, N.A. | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

## **NOTICE AND ORDER SETTING HEARING ON EXPEDITED BASIS**

NOTICE IS HEREBY GIVEN THAT an Emergency Motion for Order Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code Regarding Debtor in Possession Financing, Use of Cash Collateral and Adequate Protection, has been filed in the above-referenced case by First Commonwealth Bank and Dlubak Corporation.

A hearing has been scheduled for _____ at _____ in _____.

Responses to the motion shall be filed with the Clerk of the Bankruptcy Court and served on parties in interest on or before _____.

A courtesy copy of all responses shall be delivered to chambers with the filing.

Service shall be made as directed below. A certificate of service shall be filed with the Clerk immediately.


_____                           _____
Date                                        United States Bankruptcy Judge

Movant is to complete this notice and file it with the motion for expedited hearing and proposed order granting the substantive relief requested, leaving blank the hearing and response dates. If the Court determines that a hearing is necessary, response and hearing dates will be provided to movant.  Movant shall serve a copy of this completed scheduling order and the motion by hand delivery or facsimile on the respondent, trustee, debtor, debtor's attorney, all secured creditors whose interests may be affected by the relief requested, U.S. Trustee and the attorney for any committee. If there is no committee counsel, serve all members of each committee. Movant shall deliver a paper copy of the motion and this notice of hearing to chambers.