**EXHIBIT [A]**

**Bidding Procedures**

Below are the bidding procedures (the "**Bidding Procedures**") for the sale (the "**Sale**") pursuant to Section 363 of the Bankruptcy Code of the Assets (as defined in the APA) by Dlubak Corporation (the "**Debtor**") in the Debtor's Chapter 11 bankruptcy case (the "**Bankruptcy Case**") pending in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**"), and pursuant to which Grey Mountain Partners, LLC or one of its affiliates shall serve as stalking horse bidder ("**Stalking Horse Bidder**").

**1.     Participation Requirements**

(a)     In order to be qualified to receive any confidential information from the Debtor, to submit an Initial Overbid (defined below) and to participate in the Auction (defined below), a potential bidder must submit each of the following to the Debtor on a timely basis:

(i)     An executed confidentiality agreement which shall inure to the benefit of the Successful Bidder, in a form and substance acceptable to the Debtor and the Stalking Horse Bidder; and

(ii)     Current audited financial statements and latest unaudited financial statements of the potential bidder or, if the potential bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements and latest unaudited financial statements of the equity holders or sponsors of the potential bidder who will guarantee the obligations of the potential bidder, or such other form of financial disclosure and/or credit-quality support or enhancement, if any, that will allow the Debtor to make a reasonable determination as to the potential bidder's financial and other capabilities to consummate the Sale.

(b)    Based on the materials received by it, the Debtor shall determine whether any potential bidder that has timely submitted the materials referred to above qualifies to submit a bid (such qualifying potential bidder, an "**Overbidder**").

## 2. Bid Requirements

(a)    To participate at the Auction, an Overbidder must submit the following to the Debtor before the Bid Deadline (as defined below):

(i)    a proposed asset purchase agreement (the "**Competing APA**"), executed by the Overbidder, that: (a) contains terms and conditions that are substantially the same as those in the APA, along with a redlined, marked copy showing all changes between the Competing APA and the APA; (b) provides for a purchase price to be paid to the Debtor that exceeds the sum of the Purchase Price (as defined in the APA)[1] by at least the amount of the Stalking-Horse Bidder Fee (as defined in the APA)[2] plus One-Hundred Thousand Dollars ($100,000) (such aggregate amount of the Purchase Price, the Stalking-Horse Bidder Fee and One-Hundred Thousand Dollars — *i.e.*, $2.3 million — the "**Minimum Overbid**"); (c) remains irrevocable until the earlier of the Closing or fifteen (15) days after entry of the Sale Order; (d) disclaims any right of Overbidder to receive a fee analogous to the Stalking-Horse Bidder Fee, any transaction or breakup fee, expense reimbursement or similar fee or payment or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution; (e) is not subject to or contingent upon the obtaining of financing; and (f) contains a proposed closing date that is not later than [September 6, 2013] (the "**Outside Date**");

(ii)    wire transfer (to an escrow agent designated by the Debtor) or cashier's check made payable to the order of the Debtor in the amount of $100,000 (the "**Overbidder's Deposit**"), which will be retained by the Debtor as a nonrefundable good faith deposit for application against the purchase price at the closing of the transaction or returned to the Overbidder or otherwise applied as set forth in these Bidding Procedures;

(iii)    admissible evidence in the form of affidavits or declarations establishing that the Overbidder has the financial ability to pay the purchase price set forth in the Competing APA; and

(iv)    admissible evidence in the form of affidavits or declarations establishing the Overbidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code.

(b)    A bid received from an Overbidder (and any bid submitted at the Auction by an Overbidder) that meets the requirements set forth above will be considered a "**Qualified Bid**" if, in the good faith opinion of the Debtor, (i) such bid is determined not to be materially more

---

[1] Pursuant to the terms of the APA, the Purchase Price is Two Million Dollars ($2,000,000).
[2] Pursuant to the terms of the APA, the Stalking-Horse Bidder Fee is Two-Hundred Thousand Dollars ($200,000).

013167\0002\10605402.1

burdensome or conditional than the terms of the APA and (ii) the Debtor reasonably believes that such bid would be consummated before the Outside Date if selected as a Successful Bid (as defined below).

(c) Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Debtor and the Assets prior to making any bids; that it has relied solely upon its own independent review, investigation and/or inspection of the Assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtor and the Assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, the Competing APA with such Successful Bidder.

(d) Any entity that submits a Qualified Bid accompanied by all items required to be submitted along therewith in accordance with these Bidding Procedures shall each be deemed a "**Qualified Overbidder**" and may bid for the Assets at the Auction (defined below).

**3.    Bid Deadline**

(a) The deadline for submitting bids by an Overbidder shall be [September 3, 2013] at 5:00 p.m. (Eastern Standard Time) (the "**Bid Deadline**").

(b) Before the Bid Deadline, an Overbidder that desires to make a bid shall deliver written copies of its bid via overnight mail and email to: (i) the Debtor, 520 Chestnut Street, Blairsville, PA 15717, Attn: Frank Dlubak; and (ii) counsel for the Debtor, The Law Office of Steven T. Shreve, 546 California Ave., Pittsburgh, PA 15202, Attn: Steven Shreve.

**4.     Auction**

(a) If no timely, conforming Qualified Bid from a Qualified Overbidder is received, the Debtor shall not conduct an Auction and shall request at the hearing to approve the Sale (the "**Sale Hearing**") that (i) the Bankruptcy Court approve the APA, including the Sale of the Assets (and the assignment of the Assumed Contracts, if any) to the Stalking Horse Bidder, and (ii) the Sale Order be immediately effective upon entry, notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure;

(b) If one or more timely, conforming Qualified Bids from Qualified Overbidders are received, the Debtor shall conduct an auction of the Assets (the "**Auction**"), subject to Bankruptcy Court approval, in which the Stalking Horse Bidder and all other Qualified Overbidders may participate. The Auction shall be conducted at _____ on or before September 5, 2013 at ___ a.m. (Eastern Standard Time), or such other place and time as the Debtor may determine, so long as such change is communicated reasonably in advance to all Qualified Overbidders and other invitees, if any.

(c) The following procedures will govern the Auction:

(i) all Qualified Overbidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes relating to the Auction or the Sale of the Assets;

(ii) each bid by a Qualified Overbidder shall be automatically reduced by an amount equal to the Stalking Horse Bidder Fee;

(iii) bidding will start at the amount of the highest bid submitted by a Qualified Overbidder, as determined by the Debtor, subject to approval by the Court;

(iv) each subsequent bid shall be in increments of no less than $100,000;

(v) the Stalking Horse Bidder shall have the right, but not the obligation, in its sole and absolute discretion, to match bids made by any other Qualified Overbidder (and such bids shall be disclosed to the Stalking Horse Bidder promptly by the Debtor) and, in such event, the Stalking Horse Bidder's matching bid shall be deemed the highest and best bid for the Assets;

013167\0002\10605402.1

    (vi) immediately before concluding the Auction, the Debtor shall: (a) review each Qualified Bid for its financial and contractual terms and the factors relevant to the Sale process and the best interests of the Debtor's estate, its creditors and other parties-in-interest therein; and (b) determine and identify the highest or otherwise best Qualified Bid (the "**Successful Bid**") and the Qualified Overbidder (or the Stalking Horse Bidder) submitting such bid (the "**Successful Bidder**");

    (vii) if, at the Auction's conclusion and consistent with the Bidding Procedures' terms, the Stalking Horse Bidder's final bid matches or is greater than the highest bid made by any Qualified Overbidder, such final bid shall be the Successful Bid, the Stalking Horse Bidder shall be the Successful Bidder and the Bankruptcy Court shall approve the APA, including the Sale of the Assets (including the assignment of the Assumed Contracts, if any) to the Stalking Horse Bidder, and authorize the Debtor to sell the Assets (including the assignment of the Assumed Contracts, if any) to the Stalking Horse Bidder, and the amount of the Stalking Horse Bidder's final bid shall constitute the Purchase Price under the APA; and

    (viii) the Debtor may, with Bankruptcy Court approval, elect to deem the Stalking Horse Bidder's final bid to be the Successful Bid, notwithstanding the receipt of an apparently higher bid from a Qualified Overbidder, if the Debtor reasonably concludes that the Qualified Overbidder may not be able to close on a timely basis, or for any other reason.

  (d) The Stalking Horse Bidder has standing and is deemed to be a party in interest with standing to be heard on any motion, hearing or other matter related to the APA or any bid or other sale of Assets subject to the APA.

**5.** **Sale Hearing**

  The Sale Hearing will take place on or before September 5, 2013 at ___ a.m. (Eastern Standard Time) in Courtroom D of the Honorable Jeffery A. Deller in the United States Bankruptcy Court for the Western District of Pennsylvania, U.S. Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant St., Pittsburgh, PA 15219, to consider approval of the Sale to the Successful Bidder or to approve the APA if no Auction is held or the Stalking Horse Bidder is the Successful Bidder.

**6.** **Return of Overbidder's Deposit**

  (a) Except as otherwise provided below with respect to any Successful Bidder, the Overbidder's Deposits of all Overbidders required to submit such a deposit under the Bidding

Procedures shall be returned within three business days after the Auction concludes, or, if no Auction is held, within three days after the Sale Hearing.

(b)    If any sale to a Successful Bidder other than the Stalking Horse Bidder fails to close on or before the Outside Date, such Overbidder's Deposit shall be forfeited to, and retained by, the Debtor and applied as follows: *first*, to the Stalking Horse Bidder to pay the Stalking Horse Bidder Fee as provided in the APA; and *second*, as directed by order of the Bankruptcy Court.