UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 644-4756
Facsimile: (412) 644-4785
E-mail: Heather.Sprague@usdoj.gov

By:   Heather A. Sprague, Trial Attorney

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY NUMBER: |
| | § | |
| DLUBAK CORPORATION, | § | 13-70582 JAD |
| | § | Chapter 11 |
| DEBTOR. | § | |
| | § | |
| | § | RELATED TO DOCUMENT NO.: 16 |
| DLUBAK CORPORATION, | § | |
| | § | |
| MOVANT, | § | HEARING DATE AND TIME: |
| | § | August 16, 2013 at 10:00 a.m. |
| v. | § | |
| | § | |
| FIRST COMMONWEALTH BANK, *et al*., | § | RESPONSE DATE AND TIME: |
| | § | August 15, 2013 at noon |
| RESPONDENTS. | § | |

OBJECTION TO EXPEDITED MOTION FOR AN ORDER APPROVING
(A) BIDDING PROCEDURES FOR THE SALE OF ASSETS OF THE DEBTOR;
(B) STALKING-HORSE BIDDER FEE RELATED TO THE SALE;
(C) ASSUMPTION AND ASSIGNMENT PROCEDURES; AND
(D) FORM AND MANNER OF SALE NOTICE

TO THE HONORABLE JEFFERY A. DELLER
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, THE UNITED STATES TRUSTEE, by and through her undersigned counsel, and respectfully objects to the Expedited Motion for an Order Approving (A) Bidding Procedures for the Sale of Assets of the Debtor; (B) Stalking-Horse Bidder Fee Related to the Sale; (C) Assumption and Assignment Procedures; and (D) Form and Manner of

-1-

Sale Notice ("Bidding Procedures Motion"), and states as follows:

1.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2.      Venue in this district and of this proceeding and motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The United States Trustee has standing to appear and be heard on the following matter and in this case pursuant to 11 U.S.C. § 307.

4.      The above-referenced case was commenced by Dlubak Corporation ("Debtor") with the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on August 7, 2013.

5.      On August 8, 2013, the United States Trustee solicited the Debtor's 20 largest unsecured creditors for the purpose of forming a committee of unsecured creditors. Creditors' responses were requested by August 19, 2013. The United States Trustee believes there may be sufficient creditor interest to form a committee, but has received an insufficient response to date.

6.      The Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs have not been filed. The Debtor has until August 21, 2013 to complete the petition. Accordingly, there is very little information of record regarding the Debtor's assets, liabilities, or causes of action, including those arising under chapter 5 of the Bankruptcy Code.

7.      Debtor's § 341(a) meeting of creditors has not been noticed because the petition remains incomplete.

8.      On August 9, 2013, despite the lack of schedules, Debtor filed this expedited Bidding Procedures Motion.

9.      By separate motion also filed on August 9, 2013, the Debtor seeks to sell substantially all of its non-real estate assets free and clear of liens, claims, encumbrances, or interests to Grey Mountain Partners, LLC for $2,000,000.00 ("Sale Motion" at Document No. 19). A hearing on the Sale Motion has been set for September 3, 2013 with responses due on August 27, 2013 (Document No. 21).

10.     The Debtor submits that cause exists for an expedited hearing on the Bidding Procedures Motion because:

    (a)     the APA [Asset Purchase Agreement] requires the Debtor to request an expedited hearing,
    (b)     the APA requires the Bidding Procedures Order to be entered on or before August 16, 2013 and the closing to occur on or before September 6, 2013, and
    (c)     it is necessary for the Debtor to properly serve the Sale Motion and notice of the sale hearing well in advance of the sale hearing date.

Bidding Procedures Motion at ¶ 23.

11.     However, the self-imposed deadlines of the Asset Purchase Agreement are exigencies of the Debtor's own making since the Debtor controlled the timing of its bankruptcy filing. If time is of the essence, then Debtor should explain why the petition was not filed sooner to ensure adequate notice and sufficient opportunity to form a committee to represent the interests of unsecured creditors with regard to the Bidding Procedures Motion and Sale Motion.

12.     The Debtor should also explain why the schedules, statements, and other documents required by Fed. R. Bankr. P. 1007 have not been filed and were apparently not prepared contemporaneously with the "extensive prepetition marketing efforts" and "lengthy negotiations" which began in late May of 2013 and culminated in the execution of the Asset Purchase Agreement on August 8, 2013. Bidding Procedures Motion at ¶¶ 6 – 9.

13.     Pursuant to the Bidding Procedures Motion, the Debtor is requesting that if Grey Mountain Partners, LLC (the "Stalking Horse") is not the winning bidder, then it shall be paid a break-up fee of $200,000.00 to reimburse the "expenditure of fees, expenses and costs, and the time, effort and risk taken in connection with the proposed sale and serving as the stalking horse bidder." Bidding Procedures Motion at ¶28. This "Break-Up Fee"

> . . . shall be entitled to priority as a superpriority administrative expense and paid at the time of Closing, without further order of the Court, from funds received from the Successful Bidder (defined below), in the event the [Stalking Horse] is not the Successful Bidder. No Sale may be permitted to close with any Successful Bidder (other than [Stalking Horse]) unless the [Break-Up Fee] is paid at the time of Closing from funds received from the Successful Bidder. *Id*.

14.     However, the Break-Up Fee should not be approved with the Bidding Procedures Motion. In *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527 (3d Cir. 1999), the Third Circuit established the standard that this Court must apply in determining whether to approve the Break-Up Fee. In *O'Brien*, the Third Circuit expressly rejected the application of the "business judgment rule" to the issue of break-up fees in the bankruptcy context. *Id.* at 535.

15.     Rather than applying the deferential "business judgment rule," the Third Circuit in *O'Brien* held that break-up fees must be treated as administrative expense claims under 11 U.S.C. § 503(b)(1)(A), "which requires that an expense provide some benefit to the debtor's estate." *Id*. at 536. Thus, anyone seeking a break-up fee in the Third Circuit bears the significant burden of proving that the break-up fee was "actually necessary to preserve the value of the estate." *Id*. at 535.

16.     It is premature for the Court to make a determination on the Break-Up Fee at this time. To receive the Break-Up Fee as an 11 U.S.C. § 503(b) claim, the Stalking Horse will have to show that having a stalking horse bidder conferred a benefit to the estate in some verifiable amount. *Cf. In re America West Airlines, Inc.*, 166 B.R. 908, 912-13 (Bankr. D. Ariz. 1994) ("the proposed break-up fee does not meet the standard of [11 U.S.C. §] 503 because it is not correlated to any transactional cost or expense incurred by the negotiating bidder*"); In re Hupp Industries, Inc.*, 140 B.R. 191, 196 (Bankr. N.D. Ohio 1992) (denying break-up fee where "assertion of unforeseen and unspecified liquidation damages . . . is insufficient to establish" that a benefit was

conferred on estate). These facts obviously cannot be discerned until after the sale has occurred.

17.   There is nothing before the Court at this time to support the proposed Break-Up Fee as contemplated under *O'Brien* or § 503(b)(1)(A). Accordingly, in the event that the Debtor accepts a higher and better offer, the determination as to whether the Break-Up Fee should be allowed should occur after the sale closes and upon separate motion with regular notice to all interested parties.

18.   In addition, certain procedures may have the effect of discouraging competing bids or conferring an unfair advantage on the Stalking Horse. For example, in order to be qualified to receive the Debtor's confidential information in connection with a potential bidder's due diligence review, the potential bidder must first execute a confidentiality agreement in a form and substance acceptable to the Stalking Horse. Bidding Procedures Motion at ¶ 25, page 6.

19.   Potential bidders must disclaim any right to receive a fee analogous to the Stalking Horse's Break-Up Fee, including any expense reimbursement or similar compensation under 11 U.S.C. § 503(b) for making a substantial contribution. *Id*. at ¶ 25, page 7.

20.   The deadline for submitting competing bids is September 3, 2013 at 5:00 p.m., which is after the hearing on the Sale Motion. *Id*. at ¶ 25, page 8.

21.   Any competing bids are automatically reduced by $200,000.00 (the amount of the Break-Up Fee), and the Stalking Horse has the right to match any competing bids and be automatically deemed the highest and best bid for the Debtor's assets. *Id*. at ¶ 25, pages 8-9.

22.   Moreover, the proposed assignment and assumption procedures unreasonably shorten the period of time for receiving notice and objecting to same, because the Debtor is not required to file and serve its schedules of contracts and cure amounts until five days after entry of an order granting the Bidding Procedures Motion. However, objections must be filed and served by August 27, 2013, the date by which objections to the Sale Motion must also be filed. *Id*. at ¶ 40.

23.   Lastly, without Debtor's schedules, there is presently insufficient information to determine whether the proposed notice procedures in ¶ 42 are adequate or sufficient.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

-5-

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Honorable Court deny the expedited Bidding Procedures Motion in its current form, and grant any and all further relief as may be equitable and just.

        Respectfully submitted,

        Roberta A. DeAngelis
        United States Trustee

Dated: August 15, 2013    By:    /s/ Heather A. Sprague
        Heather A. Sprague, Trial Attorney
        (MA ID 661541)
        Liberty Center, Suite 970
        1001 Liberty Avenue
        Pittsburgh, Pennsylvania 15222
        Telephone: (412) 644-4756
        Facsimile: (412) 644-4785
        E-mail: Heather.Sprague@usdoj.gov